## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER SIMS, | ) |
| | ) |
|               Plaintiff, | ) |
| | ) |
| v. | )    Case No.  CIV-12-724-R |
| | ) |
| WORKSPACE SOLUTIONS, INC, d/b/a | ) |
| SCOTT RICE and WORKSPACE SOLUTIONS, | ) |
| LLC d/b/a SCOTT RICE, | ) |
| | ) |
|               Defendants. | ) |

### ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendants. Plaintiff responded in opposition to the motion.  Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed this action alleging that she was an employee of Defendants, and that they discriminated against her on the basis of her gender, specifically because she was terminated as a result of her pregnancy.  Plaintiff further alleges that her termination violated the Family Medical Leave Act and retaliation.  In support of her claim for retaliation Plaintiff alleges that "Defendants retaliated against Plaintiff for engaging in protected activity by discriminating against her in violation of Title VII and the FMLA."  Complaint, ¶ 17.  In the instant motion Defendant seeks dismissal of Plaintiff's claim for retaliation, asserting that she has not sufficiently plead a claim for retaliation because she plead mere legal conclusions and no facts in support of her contention that she engaged in protected activity.

Title VII prohibits an employer from retaliating against an employee for making a claim of discrimination or otherwise opposing discrimination. *See* 42 U.S.C. § 2000e-3(a). To prevail on  a Title VII retaliation claim, a plaintiff must show "that retaliation played a part in the employment decision...." *Fye v. Okla. Corp. Comm'n,* 516 F.3d 1217, 1224 (10th Cir.2008). To state a plausible claim for relief on her retaliation claim, Plaintiff must allege facts which, if true, would establish thee elements of her claim, specifically, that 1) she engaged in protected opposition to discrimination; 2) her employer subsequently took action that a reasonable employee would have found materially adverse—that is, that the action might dissuade a reasonable worker from making or supporting a charge of discrimination; and 3) there is a causal connection between her protected activity and the adverse action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006); *E.E.O.C.  v.  PVNF*, *L.L.C.*, 487 F.3d 790, 803 (10th Cir.2007).   Having reviewed the complaint, the Court agrees that Plaintiff has alleged no facts in support of her contention that she engaged in protected activity.   In response to the motion to dismiss, Plaintiff alleges that the protected activity in which she engaged was that she informed Defendant she was pregnant to begin the process for taking leave when it became necessary. Response to Motion, p. 1.  "Plaintiff was afforded neither the opportunity to take leave, nor the chance to complain about Defendants' discrimination in violation of Title VII."  *Id.* Plaintiff further admits she was fired before she could "fully engage in any protected activity."  *Id.* at p. 2.

In light of Plaintiff's admission, and despite her contentions that dismissal would be inappropriate, Plaintiff has failed to allege the necessary facts to support a retaliation claim, and it does not appear that she can amend her complaint to allege such a claim. Pleading that she was "retaliated against . . . for engaging in protected activity" is nothing more than the pleading of conclusory allegations, which is insufficient.

Plaintiff's reliance on *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 385 (10th Cir. 1984), is misplaced. Therein, the plaintiff accused her employer of violating federal law by paying similarly-situated male employees higher salaries. Shortly thereafter, while holding a copy of a memorandum plaintiff had written regarding the Equal Pay Act, plaintiff was terminated. There was no argument that the plaintiff had not complained about alleged discrimination, rather, she had erroneously, but in good faith, complained. "Every circuit that has considered the issues, however, has concluded that opposition activity is protected when it is based on a mistaken but good faith belief that Title VII has been violated." *Id.* at 385 (citations omitted). Here, there is no allegation that Plaintiff ever complained to Defendants about the alleged discrimination, and she admits she was fired before she could engage in any protected activity. Because such activity is a required element of a claim for retaliation, Defendants' motion to dismiss is GRANTED. The Court rejects Plaintiff's contention that dismissal is premature because no discovery has been conducted, because Plaintiff should be well aware of whether she engaged in protected activity sufficient to plead her claim. Again, she admits she did not, and her allegations simply do not give rise to a claim for retaliation.

3

IT IS SO ORDERED this 17th day of October, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE